JS-6

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| 4LIFE TRADEMARKS, LLC, a Utah Limited Liability Corporation,<br><br>    Plaintiff<br><br> vs.<br><br>BIOCROWN, INC., a California corporation,<br><br>    Defendant | No. CV 09-08590 SVW-MAN<br><br>**JUDGMENT AND PERMANENT INJUNCTION** |

Upon stipulation of the parties and with good cause appearing,

IT IS HEREBY ORDERED:

1.     Plaintiff 4Life Trademarks, LLC (hereafter "4Life") is the owner of the mark TRANSFER FACTOR PLUS®, which is federally registered with the United States Patent and Trademark Office, Registration No. 2,702,837 in International class 5 for use in connection with dietary supplements.  4Life is also the owner of the mark tf and design, as shown below, which is federally registered with the United States Patent and Trademark Office, Registration No. 2,668,432 in International class 5 for use in connection with dietary supplements:

1

1
2

Collectively, these marks shall be referred to as the "4Life Marks."

2. 4Life filed this action against Biocrown, Inc. ("Biocrown"), alleging, among other things, trademark infringement, trade dress infringement, counterfeiting, unfair competition, trademark dilution, and false advertising, and seeking damages and attorneys' fees, based on Biocrown's manufacturing, advertising, and sale of two products, namely the TRANSFER FACTOR IMMUNE PLUS Product and the PROBIOTICS Product (collectively, the "Products").

3. Specifically, 4Life alleged (a) that the trademarks Biocrown uses with the TRANSFER FACTOR IMMUNE PLUS Product as shown and defined in Paragraphs 44 and 47 of 4Life's First Amended Complaint infringe 4Life's rights in the 4Life Marks; (b) that the trade dress Biocrown uses with the TRANSFER FACTOR IMMUNE PLUS Product (the "Biocrown Trade Dress with Arcs") as shown and defined in Paragraphs 44 and 47 of 4Life's First Amended Complaint infringes 4Life's rights in the 4Life Trade Dress with Arcs (as defined in Paragraph 22 of 4Life's First Amended Complaint); and (c) that the trade dress Biocrown uses with the PROBIOTICS Product (the "Biocrown in Rectangle Trade Dress") as defined and shown in Paragraphs 51 and 54 of 4Life's First Amended Complaint infringes 4Life's rights in the 4Life in Rectangle Trade Dress (as defined in Paragraph 24 of 4Life's First Amended Complaint). The 4Life Trade Dress with Arcs and the 4Life in Rectangle Trade Dress shall be referred to collectively as the "4Life Trade Dress."

4. Pursuant to a Settlement Agreement, the parties have agreed in the interest of compromise and in order to avoid the costs of a trial on the claims asserted in this action, that the Court should, pursuant to the parties' stipulation, enter judgment now on all claims in the case in favor of 4Life and against Biocrown. Accordingly, the Court grants judgment to 4Life on its claims in this case, and

upholds the validity of the 4Life Marks and the 4Life Trade Dress, and the Court dismisses with prejudice all of Biocrown's counterclaims against 4Life.

5. Good Cause appearing, and upon the stipulation of the parties IT IS HEREBY ORDERED AND ADJUDGED THAT:

i. Biocrown and its officers, directors, partners, agents, distributors, manufacturers, franchisees, dealers, affiliates, employees, and all others acting in concert with it, are hereby permanently restrained and enjoined from (a) manufacturing, advertising, and selling the TRANSFER FACTOR IMMUNE PLUS Product under or in connection with the TRANSFER FACTOR IMMUNE PLUS Mark and/or Biocrown Trade Dress with Arcs; (b) using the name and mark TRANSFER FACTOR IMMUNE PLUS, and using or adopting any name or mark that incorporates the words TRANSFER, FACTOR, and PLUS, or that is likely to cause confusion with the 4Life Marks, or either of them, for as long as 4Life uses such marks; and (c) using Biocrown Trade Dress with Arcs using or adopting trade dress, labeling, or packaging that is the same as or similar to the Biocrown Trade Dress with Arcs or that is the same as or likely to cause confusion with the 4Life Trade Dress with Arcs. Biocrown immediately shall turn over to 4Life all remaining inventory of the TRANSFER FACTOR IMMUNE PLUS Product. If consumers inquire about or attempt place orders for the TRANSFER FACTOR IMMUNE PLUS Product, Biocrown shall advise them that such product is no longer offered by Biocrown.

ii. Biocrown and its officers, directors, partners, agents, distributors, manufacturers, franchisees, dealers, affiliates, employees, and all others acting in concert with it, are hereby permanently restrained and enjoined from manufacturing any trade dress, packaging, or labeling that is the same as or similar to the Biocrown in Rectangle Trade Dress or that is the same as or likely to cause confusion with the 4Life in Rectangle Trade Dress. Effective as of the earlier of (a) the date when

all remaining inventory of the PROBIOTICS Product have been sold or (b) four months after the date of the parties' Settlement Agreement ("PROBIOTICS Cutoff Date"), Defendant and its officers, directors, partners, agents, distributors, manufacturers, franchisees, dealers, affiliates, employees, and all others acting in concert with it, are hereby permanently restrained and enjoined from any and all use of the Biocrown in Rectangle Trade Dress, as well as from using or adopting any trade dress, packaging, or labeling that is the same as or likely to cause confusion with the 4Life in Rectangle Trade Dress.  Before the PROBIOTICS Cutoff Date, Biocrown may sell of any existing inventory of the PROBIOTICS Product with the Biocrown in Rectangle Trade Dress, but after PROBIOTICS Cutoff Date, Biocrown shall turn over to 4Life all remaining inventory of the PROBIOTICS Product with the Biocrown in Rectangle Trade Dress, if any exists.

iii    Nothwithstanding and independent of any settlement payment agreed to between the parties, neither party is awarded any damages in this action.

iv    Each party shall bear its own attorneys fees and costs in the case and no costs shall be assessed by the Court.

6.    Each party has acknowledged and submits to the jurisdiction of this Court with respect to the interpretation, enforcement, or modification of this Stipulated Judgment and Permanent Injunction, as well as the parties' Settlement Agreement.

7.    Biocrown has agreed to the entry of this Stipulated Judgment and Permanent Injunction freely and without coercion.  Biocrown has acknowledged that it has read the provisions of this Stipulated Judgment and Permanent Injunction and is prepared to abide by them.

4

8. Nothing in this Stipulated Judgment and Permanent Injunction shall be construed as an admission of willful, deliberate or intentional wrongdoing, or other bad faith conduct.

DATED this 19th day of May 2010.

By _____
The Honorable Stephen V. Wilson
Judge, United States District Court